# EXHIBIT A

FILED
11-01-2018
Walworth County
Clerk of Circuit Court
2018CV000696
Honorable Daniel S. Johnson
Branch 2

STATE OF WISCONSIN
CIRCUIT COURT
WALWORTH COUNTY

MINIATURE PRECISION COMPONENTS, INC.
820 Wisconsin Street
Walworth, WI 53184,

   Plaintiff,

v.

STANDEX ELECTRONICS, INC.
4538 Camberwell Rd
Cincinnati, OH 45209,

   Defendant.

Case No:
Class Code: 30303

## SUMMONS

THE STATE OF WISCONSIN, to the above-named Defendant:

  You are hereby notified that the Plaintiffs named above has filed a lawsuit or other legal action against you. The complaint, which is attached, states the nature and basis of the legal action.

  Within twenty (20) days of receiving this summons, you must respond with a written answer, as that term is used in Chapter 802 of the Wisconsin Statutes, to the complaint. The court may reject or disregard an answer that does not follow the requirements of the statutes. The answer must be sent or delivered to the Court, whose address is Walworth County Courthouse, Circuit Court, 1800 County Trunk NN, Elkhorn, Wisconsin, 53121 and to Michael D. Huitink, Plaintiffs' attorney, whose address is Sorrentino Burkert Risch LLC, 675 North Barker Road, Suite 300, Brookfield, Wisconsin 53045. You may have an attorney help or represent you.

If you do not provide a proper answer within twenty (20) days, the court may grant judgment against you and for the award of money or other legal action requested in the complaint, and you may lose your right to object to anything that is or may be incorrect in the complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

Dated this 1st day of November, 2018.

        SORRENTINO BURKERT RISCH LLC

        *s/ Michael D. Huitink* _____
        Michael D. Huitink
        State Bar No. 1034742
        *Attorneys for Plaintiff, Miniature Precision*
        *Components, Inc.*

**CONTACT INFORMATION**
675 N Barker Rd., Suite 300
Brookfield, WI 53045
Phone: (262) 513-3315
Fax:   (262) 513-3318
Email: mhuitink@sbrlaw.us

2

FILED
11-01-2018
Walworth County
Clerk of Circuit Court
2018CV000696
Honorable Daniel S. Johnson
Branch 2

STATE OF WISCONSIN
CIRCUIT COURT
WALWORTH COUNTY

---

MINIATURE PRECISION COMPONENTS, INC.
820 Wisconsin Street
Walworth, WI 53184,

   Plaintiff,

v.

STANDEX ELECTRONICS, INC.
4538 Camberwell Rd
Cincinnati, OH 45209,

   Defendant.

Case No.:
Class Code: 30303

---

## COMPLAINT

Plaintiff, Miniature Precision Components, Inc. ("MPC"), by and through its counsel, Sorrentino Burkert Risch LLC, states for its Complaint against Defendant, Standex Electronics, Inc. ("Standex"), as follows:

### NATURE OF THE ACTION

1. Standex supplied MPC with defective automotive component parts. MPC is a supplier of oil separator assemblies (the "Assemblies") to Ford Motor Company ("Ford") and Standex supplies mission critical sensors to MPC for use in those Assemblies (the "Sensors"). Standex provided defective and non-conforming Sensors, resulting in high levels of warranty claims on thousands of Model Year 2014, 2015 and 2016 vehicles Ford sold to its customers (the "Subject Vehicles").

2. MPC has been significantly damaged by the defects in Standex's Sensors. Ford held MPC, its direct supplier, responsible for the field consequences of the defects in the Sensors.

MPC has paid monies to Ford, and also incurred other substantial costs and expenses (including, without limitation, costs arising from investigation, sorting efforts, storage of returned components, and the cost of replacement components) as a result of the defective Sensors, and Ford seeks additional costs from MPC going forward. MPC now seeks to recover those amounts in this lawsuit.

## PARTIES

3.  MPC is a Wisconsin corporation with its principal place of business at 820 Wisconsin Street, Walworth, WI 53814.

4.  Upon information and belief, Standex is an Ohio corporation with its principal place of business at 4538 Camberwell Rd, Cincinnati, OH. At all times relevant to this Complaint, Standex was in the business of, among other things, designing, manufacturing, and supplying the Sensors to MPC for use and inclusion in the Assemblies.

## JURISDICTION AND VENUE

5.  Jurisdiction and venue are properly vested in this Court pursuant to Section 801 Wis. Stats., *et seq*. because (i) the parties' contract includes consent by the parties to the exclusive jurisdiction and venue in this Court, (ii) a substantial part of the events and omissions giving rise to MPC's claims occurred within Walworth County, Wisconsin, (iii) the amount in controversy is well in excess of $10,000, exclusive of interest, fees, and costs, and (iv) this matter is otherwise within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

6. MPC is, and has been, a Tier 1 supplier to Ford of certain components and assemblies, including the Assemblies used in the Subject Vehicles.

7. Ford uses the Assemblies in the Subject Vehicles to extract oil from crankcase air before venting the oil vapors to the intake manifold to mitigate air pollution.

8. The Assemblies use the Sensors to activate visual indicators in the vehicles' emissions monitoring systems when the crankcase ventilation system has been disconnected or removed from the vehicle.

9. Beginning in 2013, Standex supplied the Sensors to MPC for incorporation into the Assemblies and the Subject Vehicles pursuant to a series of purchase orders (collectively, the "Contract").

10. The Contract incorporated MPC's Terms and Conditions of Purchase (the "MPC Terms").

11. The Contract and the MPC Terms are in the possession of Standex.

12. Standex accepted the Contract and the MPC Terms by commencing work and performing under the Contract.

13. Pursuant to Paragraph 9.1 of the MPC Terms, Standex warranted that the Sensors would conform to drawings, materials, descriptions and specifications, be of merchantable quality and fit and sufficient for the particular purposes intended and be free from defects, among other warranties.

14. Pursuant to Paragraph 9.4 of the MPC Terms, Standex is liable for all direct, incidental and consequential damages, losses, costs and expenses incurred by MPC resulting from Standex's failure to deliver conforming and non-defective Sensors fit for their intended purpose.

3

15. Pursuant to Paragraph 9.4 of the MPC Terms, Standex's liability for damages also includes, but is not limited to, any amounts charged by MPC's customers and all costs of any corrective service action or other action in which MPC or its customer participates related to the Sensors.

16. Pursuant to Paragraph 12.1 of the MPC Terms, Standex is required to indemnify and hold MPC and MPC's customers harmless from and against all claims, damages, costs, liabilities and expenses incurred as a result of any breach of warranty by Standex.

### Standex Manufactures Defective and Non-Conforming Sensors

17. MPC discovered numerous non-conformities and defects in Standex-manufactured Sensors. The non-conformities and defects in the Sensors included various manufacturing anomalies and design sensitivities which caused them to fail to function or to function intermittently.

18. The non-conformities and defects in the Sensors caused the erroneous triggering of a diagnostic trouble code ("DTC") and the illumination of a "Check Engine" light in the Subject Vehicles which, in turn, required the Subject Vehicles to be repaired.

19. Standex failed to detect or contain these non-conforming and defective conditions in the Sensors before shipping them to MPC.

20. Standex's defective and/or non-conforming Sensors were installed into the MPC Assemblies supplied to Ford and incorporated into the Subject Vehicles.

21. Standex breached its Contract with MPC by, among other things, supplying defective and non-conforming Sensors, failing to adequately design, test, and manufacture the Sensors, and failing to indemnify MPC for its costs and losses incurred in conjunction with partially resolving Ford's warranty claims against MPC.

22. MPC incurred significant additional costs associated with the defective and non-conforming Sensors including, without limitation, costs attributable to investigation and failure-mode analyses, internal and third-party sorting, travel, and scrapped materials and components.

**The MPC-Ford Partial Resolution and Defendants' Failure to Indemnify MPC**

23. In 2016, MPC and Ford undertook efforts to resolve Ford's warranty claims, in part, and reached an agreement in which MPC and Ford resolved a portion of those claims arising out of Standex's defective Sensors.

24. Consistent with its rights under the Contract, MPC sought reimbursement from Standex for MPC's costs incurred in connection with Standex's defective Sensors including, without limitation, the amounts paid to Ford in partial resolution of Ford's warranty claims and costs and damages that will be incurred by MPC going forward, including amounts to be paid to Ford in the future.

25. Standex has refused to reimburse MPC or to honor its contractual and legal obligations.

## COUNT I – BREACH OF CONTRACT

26. MPC incorporates its preceding allegations.

27. MPC and Standex entered into a valid and enforceable Contract.

28. MPC has complied with all of its obligations under the Contract.

29. Standex breached the Contract by, among other things:

   a. Supplying defective and non-conforming Sensors;

   b. Failing to adequately design, validate, and manufacture the Sensors;

   c. Failing to indemnify, hold harmless, and defend MPC from any and all losses relating to the defective and non-conforming Sensors; and

5

    d.  Failing to reimburse MPC for the costs and expenses associated with the warranty claims of the Subject Vehicles, the partial resolution of Ford's warranty claims, the amounts to be paid to Ford going forward, and other costs, expenses, and damages incurred by MPC.

30.    All conditions precedent to MPC's enforcement of the Contract have occurred or have been met.

31.    Standex has actual notice of the defects and non-conformities and its breaches of the Contract.

32.    Standex's breaches of the Contract have caused MPC significant costs, expenses, and damages including, without limitation, the amounts paid to Ford in partial resolution of Ford's warranty claims and costs and damages that will be incurred by MPC going forward, including amounts to be paid to Ford in the future.

33.    As a result of its breaches, Standex is liable to MPC.

### COUNT II – BREACH OF EXPRESS WARRANTIES

34.    MPC incorporates its preceding allegations.

35.    Standex designed, manufactured, and supplied the Sensors to MPC pursuant to a Contract and expressly warranted that, among other things, the Sensors would conform to drawings, materials, descriptions and specifications, be of merchantable quality, be fit and sufficient for the particular purposes intended, and be free from defects.

36.    Standex breached its express /warranties by, among other things, supplying MPC with defective and non-conforming Sensors.

37.    All conditions precedent to MPC's enforcement of the Contract have occurred or have been met.

38. Standex has actual notice of the defects and non-conformities and its breaches of the express warranties.

39. Standex's breaches of the express warranties have caused MPC significant costs, expenses, and damages including, without limitation, the amounts paid or to be paid to Ford in partial resolution of Ford's warranty claims and costs, any amounts to be paid to Ford in the future for claims not yet resolved, and damages that will be incurred by MPC going forward.

40. As a result of their breaches, Standex is liable to MPC.

### COUNT III – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

41. MPC incorporates its preceding allegations.

42. Pursuant to Uniform Commercial Code 2-314, Standex's sales of the Sensors were accompanied by an implied warranty of merchantability. Standex's implied warranty of merchantability was in addition to its express warranties under the Contract.

43. Pursuant to the implied warranty of merchantability, Standex warranted that the Sensors were merchantable and fit for the ordinary purposes for which they are used, which purposes were known to Standex.

44. Standex breached its implied warranty of merchantability by, among other things, designing, manufacturing, and supplying defective and non-conforming Sensors to MPC.

45. Standex has actual notice of the defects and non-conformities and its breach of implied warranty.

46. Standex's breaches of the implied warranty of merchantability have caused MPC significant costs, expenses, and damages including, without limitation, the amounts paid or to be paid to Ford in partial resolution of Ford's warranty claims and costs, any amounts to be paid to

Ford in the future for claims not yet resolved, and damages that will be incurred by MPC going forward.

47. As a result of its breaches, Standex is liable to MPC.

### COUNT IV – BREACH OF IMPLIED WARRANTY OF FITNESS FOR PARTICULAR PURPOSE

48. MPC incorporates its preceding allegations.

49. Pursuant to Uniform Commercial Code 2-315, Standex's sales of the Sensors were accompanied by an implied warranty of fitness for the particular purposes for the parts. Standex's implied warranty of fitness was in addition to its express warranties under the Contract.

50. Pursuant to the implied warranty of fitness, Standex warranted that the Sensors were fit and sufficient for their intended and particular purposes. Standex was aware of the intended and particular purposes for the Sensors, including their utilization and incorporation into the Assemblies and the Subject Vehicles, and MPC and Ford relied upon Standex's skill or judgment to select or furnish suitable goods.

51. Standex breached its implied warranty of fitness by, among other things, designing, manufacturing, and supplying defective and non-conforming Sensors to MPC.

52. Standex has actual notice of the defects and non-conformities and its breach of implied warranty.

53. Standex's breaches of the implied warranty of fitness for particular purpose have caused MPC significant costs, expenses, and damages including, without limitation, the amounts paid or to be paid to Ford in partial resolution of Ford's warranty claims and costs, any amounts to be paid to Ford in the future for claims not yet resolved, and damages that will be incurred by MPC going forward.

54. As a result of its breaches, Standex is liable to MPC.

## COUNT V – INDEMNIFICATION

55.     MPC incorporates its preceding allegations.

56.     The Contract between MPC and Standex expressly provides that Standex will indemnify MPC from any and all claims, costs and liabilities incurred by reason of any breach of warranty by Standex.

57.     Standex's Sensors were defective and/or non-conforming and caused MPC to incur significant costs, expenses, and damages including, without limitation, the amounts paid or to be paid to Ford in partial resolution of Ford's warranty claims and costs, any amounts to be paid to Ford in the future for claims not yet resolved, and damages that will be incurred by MPC going forward.

58.     Under Standex's express contractual obligation, Standex is obligated to indemnify MPC for these losses.

## COUNT VI – COMMON LAW INDEMNIFICATION
## (ALTERNATIVE COUNT)

59.     MPC incorporates its preceding allegations, except that this Count is pled in the alternative.

60.     The common law recognizes the equitable principle that when the wrongful act of one person results in the liability of another, the latter is entitled to restitution from the former.

61.     MPC's liability to Ford arose solely from the conduct of Standex.

62.     Accordingly, MPC is entitled to restitution from Standex for the losses and liabilities MPC has incurred as a result of Standex's defective and non-conforming Sensors.

WHEREFORE, MPC respectfully requests judgment as follows:

(A)  For damages in an amount to be determined at trial;

(B)  For its costs and expenses, including all applicable interest, costs, expenses and reasonable attorneys' fees arising from or relating to this matter; and

(C)  For such other relief that this Court deems just and proper, or to which MPC is otherwise legally and/or equitably entitled.

Dated this 1st day of November, 2018.

SORRENTINO BURKERT RISCH LLC

*s/ Michael D. Huitink*  
Michael D. Huitink  
State Bar No. 1034742  
*Attorneys for Plaintiff, Miniature Precision Components, Inc.*

**CONTACT INFORMATION**
675 N Barker Rd., Suite 300
Brookfield, WI 53045
Phone: (262) 513-3315
Fax:    (262) 513-3318
Email: mhuitink@sbrlaw.us

10