# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MINIATURE PRECISION COMPONENTS INC,

    Plaintiff,

v.                                                      Case No. 18-CV-1838

STANDEX ELECTRONICS, INC.,

    Defendant.

# ORDER

Currently before the court are the parties' renewed motions to restrict certain documents to case participants. (ECF Nos. 75, 84.) The court previously denied a similar motion, finding that the parties redacted and sought to seal far more than what could properly be regarded as confidential. (ECF No. 73 at 2-3.) The present filings included many of the same problems. Therefore, on April 8, 2021, the court held a telephonic status conference with the parties and discussed how to proceed in light of the court's obligation to ensure that this matter is public to the greatest extent possible while nonetheless protecting the parties' interests in safeguarding legitimately confidential information. *See, e.g.*, *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348-49 (7th Cir. 2006).

For the reasons stated on the record, the parties' motions (ECF Nos. 75, 84) are denied. All documents filed since March 19, 2021, with the exception of the documents designated as ECF No. 73, 74, and 118, are stricken. In other words, the parties are going to start over.

The parties shall meet and confer to identify what in its or the other side's filings constitutes a true trade secret or is otherwise a "fact[] that should be held in confidence." *See Hicklin Eng'g,* 439 F.3d at 348. Only those specific and narrow details, if any, shall be withheld from the public. For example, under certain circumstances a manufacturer's per-unit production cost may be a legitimate trade secret. Therefore, such a figure may be properly redacted from a filing. But *only* the figure. It would not be appropriate to redact an entire sentence simply because the sentence contains such a figure, much less seal the entire document because it contains an isolated trade secret. Nor would it be appropriate to seal an entire deposition or expert report simply because it contains the figure. Only the specific figure may be redacted from the filing.

Nor, as the court said previously (ECF No. 73 at 2), is the fact that a party designated a document as "Confidential" good cause to seal that document, much less good cause to seal a deposition, report, or brief discussing that document, when it is filed with the court. Yet that is the only explanation for nearly all of the defendant's requests to seal. (ECF No. 75.)

In light of the court's protective order (ECF No. 19), the "Confidential" designation means only that a party must initially file such matters under seal. That gives the party that designated the information as confidential the opportunity to be heard before the information is made public. Of course, that becomes extraordinarily cumbersome when parties designate matters as "Confidential" as a matter of course, as appears to have occurred here. Lest there continue to be any confusion, the court vacates section (C)(2) of its protective order. (ECF No. 19.) Before filing any document containing information that an opponent has designated as confidential, the parties shall meet and confer to discuss whether the information designated as "Confidential" is truly a trade secret or a "fact[] that should be held in confidence," *see Hicklin Eng'g*, 439 F.3d at 348, and therefore whether good cause exists to withhold it from the public.

Any redaction must be supported by a specific statement in a motion to seal stating why the redacted information cannot be made public. Again, the explanation that it contains information that was marked confidential pursuant to the protective order is not good cause. If the court finds that redactions are inconsistent with this order, the motion to seal will be denied and any document containing improper redactions may be unsealed without further notice to the parties. The court reiterates that any redaction must be narrow, and any decision in this matter will be public in its entirety.

The parties shall resubmit all motions and supporting materials no later than **May 10, 2021**.

As to all motions, the non-movant shall respond to any motion no later than **June 10, 2021**.

The movant shall file any reply no later than **June 24, 2021**.

**SO ORDERED.**

Dated at Milwaukee, Wisconsin this 9th day of April, 2021.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge